IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DR. PETER E. MCGOWAN, et al.,** | CASE NO. 3:19 CV 1073 |
| Plaintiffs, | |
| v. | JUDGE JAMES R. KNEPP II |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Pending before the Court is Defendant United States of America's Motion for a Protective Order. (Doc. 62). The motion seeks to prohibit the deposition of IRS employee Terri Andrews, who Plaintiffs Dr. Peter E. McGowan, Michelle L. McGowan, and Peter E. McGowan DDS, Inc. seek to depose (Doc. 58). Plaintiffs filed an opposition to that motion. (Doc. 65). For the following reasons, the Court grants the Government's motion.

## BACKGROUND

Plaintiffs noticed three depositions on January 19, 2021, seeking to depose Internal Revenue Service ("IRS") employees Terri Andrews, Pamela Ciccotelli, and William Hsieh. The Government filed a motion for a protective order to quash or limit these depositions on February 2, 2021. (Doc. 62). It wants the subpoenas quashed, or to limit the deposition to first-hand knowledge of the IRS's audits of Plaintiffs only. *Id.* at 14. After the Government's motion, Plaintiffs abandoned their plan to depose Ciccotelli. *See* Doc. 64, at 3-4. Then, in their opposition briefing, Plaintiffs further abandoned their plans to depose Hsieh, (Doc. 65, at 1, n.1), leaving only Andrews' deposition as a subject of dispute.

This is a tax refund suit, in which Plaintiffs seek to recover taxes they allege the IRS improperly assessed, against both the McGowans and Dr. McGowan's dental practice. (Doc. 37, at 35). Andrews is the appeals officer who reviewed Plaintiffs' administrative appeal of Plaintiffs' tax liability. *See* Doc. 62-1.

## STANDARD OF REVIEW

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c)(1). The party seeking a protective order must show good cause based on a particular and specific demonstration of fact, as opposed to relying on stereotypical or conclusory statements. *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016). The Court must balance the burdens on the deponent against the need for a party to access relevant information to the case. *Serrano v. Cintas Corp.*, 699 F.3d 884, 902 (6th Cir. 2012).

## DISCUSSION

The Government seeks a protective order preventing Plaintiffs from deposing Andrews, an IRS employee working as an appeals officer. (Doc. 62-1, at ¶1). It argues Andrews does not have any information relevant to this case, and additionally much of what Plaintiffs are likely to ask would be covered by the deliberative process and law enforcement privileges. (Doc. 62-4, at 7-11). Plaintiffs oppose a protective order, arguing Andrews indeed has relevant information, and her testimony is necessary for them to shift the burden of proof from them to the Government. Because the Court finds Andrews has no relevant testimony in this case, it grants the Government's protective order blocking her deposition.

Relevance

The Government's primary argument for preventing Plaintiffs from deposing Andrews is that her knowledge is not relevant to this case. A party may discover regarding "any nonprivileged matter that is relevant to any party's claim or defense . . . . Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Relevance is defined broadly for discovery purposes; a discovery request can be relevant if the information bears on, or reasonably could lead to other matters that could bear on, any issue that could be or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Generally, the internal IRS appeals process does not produce information relevant to a tax refund suit. Plaintiffs' suit alleges the Government erroneously assessed taxes, penalties, and interest against them. (Doc. 37, at 27-29). In a refund suit like this one, the Court decides the case based on a *de novo* review, without considering the legal reasoning of the IRS. *Cook v. United States*, 46 Fed. Cl. 110, 113 (2000); *see also R.E. Dietz Corp. v. United States*, 939 F.2d 1, 4 (2d. Cir 1991) ("Ordinarily, in an action brought pursuant to 28 U.S.C. § 1346(a)(1) for a refund of taxes already paid to the government, the district court is required to redetermine the entire tax liability. The factual and legal analysis employed by the Commissioner is of no consequence to the district court.") (citing *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932)). Plaintiffs' burden is to show the IRS collected more money from them than it was entitled to, based on the facts it can produce and the law as it exists. *Gen. Motors Corp. v. United States*, 2009 WL 5171806, at *3 (E.D. Mich.) ("As such, the Court's determination of plaintiffs' tax liability must be based upon the facts and merits presented to the Court and does not require (or even ordinarily permit) the Court to review findings or a record previously developed at the administrative level."). Thus, the administrative appeals process is irrelevant to the ultimate decision in this case.

Plaintiffs seem to believe otherwise, arguing "[t]he deposition of Ms. Andrews is critical to Plaintiffs' ability to obtain evidence that the conclusions in the statutory notice of deficiency, and asserted herein as affirmative defenses by the Defendant, are simply arbitrary and capricious findings rebutted by actual evidence presented by Plaintiffs during the audit". (Doc. 65, at 3). But case law is clear this Court is to determine Plaintiffs' tax liability anew, without reference to the IRS's prior determinations. "Thus, even if the IRS made substantial errors in its examination of [the taxpayers'] taxes, [the Government] might still prevail. The court is to place itself in the shoes of the commissioner and apply the law to the facts presented." *United States v. Quebe*, 2017 WL 279539, at *7 (S.D. Ohio); *see also United States v. Schroeder*, 900 F.2d 1144, 1148-49 (7th Cir. 1990) (holding that, at most, the Court needed to calculate the correct amount of tax due when the Government admitted its tax assessment was too high). That is, Plaintiffs can attempt to show, using evidence they presents to the Court at a dispositive stage of the case, the IRS improperly assessed taxes and penalties against them based upon those records, without mounting a direct attack against the reasoning or investigation that gave rise to this case.

The *Schroeder* court makes clear only when an assessment has no rational foundation will a court look behind the assessment and into the procedure that produced the so-called "naked assessment". *Id.* It cites two naked assessment cases, both of which reveal the oddity of a truly arbitrary assessment. In *United States v. Janis*, police seized gambling records. 428 U.S. 433, 435-36 (1976). But, in state criminal proceedings, a judge quashed the warrant used to obtain the records, and those records were returned to Janis and excluded from the tax refund suit. *Id.* at 438-39. Because the Government had an assessment "without any foundation whatsoever", the normal rule concerning the burden of proof did not apply. *Id.* at 441. Similarly, in *Coleman v. United*

4

*States*, a flood and routine IRS record destruction practices left the Government with "no evidence whatsoever to support its conclusions." 704 F.2d 326, 329 (6th Cir. 1983).

By contrast here, Plaintiffs explain what evidence the Government used to support its assessment – IRS Agent Robert Harden's disbelief of Plaintiffs' proffered facts. (Doc. 65, at 3). And Plaintiffs have not argued this is a case like *Janis* or *Coleman* where their tax liability cannot be calculated. *Schroeder*, 900 F.2d at 1148 ("When a court is faced with an incorrect but otherwise valid assessment the proper course is not to void the assessment . . . but to determine what, if anything, the taxpayer owes the government . . . Barring special circumstances, if the [taxpayers'] liability *can be* calculated and enforced it *should be* calculated and enforced.") (emphasis in original). Here, there is no allegation that Plaintiffs' tax liability *cannot* be calculated and enforced, merely that the IRS did so improperly. Thus, the administrative process leading to this suit lacks relevance.

Plaintiffs argue the Andrews deposition is key to shifting the burden of proof onto the Government. (Doc. 65, at 2). Citing statutory authority, they argue deposing Andrews is necessary for them to introduce "credible evidence" by which the burden of proof on those factual issues shifts from them to the government. *Id.* (citing 26 U.S.C. § 7491(a)(1) ("If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.")). But, as discussed above, Andrews's testimony lacks relevance for calculating Plaintiffs' tax liability. And granting a protective order blocking Andrews's deposition does not, in any way, prevent Plaintiffs from putting on credible evidence. *Griffin v. Comm'r of Internal Revenue*, 315 F.3d 1017, 1021 (8th Cir. 2003) ("[W]e hold that 'credible evidence,' for purposes of interpreting and applying § 7491(a)(1), is the quality of

5

evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness).") (internal quotation omitted). Whatever Andrews testimony would have been, it would not have been evidence upon which this Court could determine Plaintiffs' tax liability. (Doc. 62-1, at ¶7) ("I did not speak with any employees of the taxpayer, or develop any facts beyond those contained in the examination file or presented by the taxpayer in the protest or conference.").

Similarly, Plaintiffs further point to the Government's invocation of the "presumption of correctness" as a reason for deposing Andrews. (Doc. 65, at 9-10). Since the Government's assessment will be presumed correct, they argue, they must fully understand the reasoning, rationale, and factual support that led the Government to this assessment. *Id.* at 10 ("Simply stated, the Court should permit Plaintiffs to assess the foundation or basis for the IRS's positions to challenge the presumption that the government's assessment of the tax was correct."). But this misstates the effect of the presumption. "It is not necessary for a taxpayer, in order to recover an assessment, to prove to, or to convince a jury that the Commissioner acted, in making the assessment, in a manner unwarranted by the actual facts, and unjust to plaintiff." *Kentucky Tr. Co. v. Glenn*, 217 F.2d 462, 465 (6th Cir. 1954). The presumption simply requires Plaintiffs to produce some evidence to prove their case. *Id.* Andrews lacks firsthand knowledge concerning the tax liability at issue. (Doc. 62-1, at ¶7). But Plaintiffs, presumably, possess the business and financial records to show this Court and a jury what their tax liability ought to be. That evidence, which Andrews swears she does not have, Doc. 62-1 at ¶7, is the sort necessary to overcome the presumption of correctness. Thus, contrary to Plaintiffs' arguments, Andrews does not have necessary evidence for this case.

6

Plaintiffs cite two cases to support its desire to depose Andrews, but neither is persuasive. In *Herrmann v. United States*, the court permitted discovery of internal IRS documents related to the plaintiffs' audit. 127 Fed. Cl. 22, 39-41 (2016). But that case included a claim that the IRS violated certain statutory provisions during its audit, and that theory of relevance does not extend to the instant case. *Id.* at 40. And the court in *Mayo Clinic v. United States* relied entirely on the *Herrmann* court's reasoning, addressed requests for production as opposed to the deposition sought by Plaintiffs here, and, as an unpublished district court opinion from Minnesota, carries no precedential force on its own. 2017 WL 8676991, at *6-7 (D. Minn.).

Additionally, Plaintiffs point to two cases for the proposition that Government protective orders should be denied in cases like this. (Doc. 65, at 2). But this Court is not persuaded by their reasoning. In *NetJets Large Aircraft, Inc. v. United States*, the Court permitted discovery of internal IRS documents and deliberations because the plaintiff pled the IRS failed to provide clear guidance, thus making the internal machinations of the IRS relevant. 2014 WL 3459645, at *3-4 (S.D. Ohio). Similarly, in *Access Behavioral Health Services, Inc. v. United States*, the plaintiff's theory of recovery included its reliance on an IRS employee telling it no penalties would be assessed, and a subsequent imposition of a tax penalty. 2017 WL 4341841, at *1, 4 (D. Idaho). These are distinguishable from this case, in which Plaintiffs' allegations do not put the behavior of the IRS or its employees at issue. *See* Doc. 37.

This Court therefore finds that Andrews's testimony is not relevant to this case. Discovery is limited, by the Federal Rules of Civil Procedure, to relevant, nonprivileged materials.[1] Fed. R.

---

1. The Government further asserted much of Andrews testimony, should she be deposed, would be shielded by the deliberative process and law enforcement privileges. (Doc. 62-4, at 9-11). Because the Court grants the protective order, and Plaintiffs did not address the privilege arguments, the Court declines to reach those arguments.

Civ. P. 26(b)(1). This Court is within its authority to prohibit the deposition of a witness who lacks relevant information. *Anwar v. Dow Chemical Co.*, 876 F.3d 841, 854 (6th Cir. 2017). Because the Court finds Andrews's testimony would be irrelevant to the case, it grants the Government's motion for a protective order barring Andrews's deposition.[2]

## CONCLUSION

For the foregoing reasons, good cause appearing, it is hereby

ORDERED that the United States of America's Motion for a Protective Order (Doc. 62) be, and the same hereby is, GRANTED with respect to Terri Andrews; and it is

ORDERED that Plaintiffs' subpoena of Terri Andrews (Doc. 58) be, and the same hereby is, quashed.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

---

2. In their opposition, Plaintiffs appear to ask judicial permission to depose another IRS employee, Jeffrey Wortman. *See* Doc. 65, at 1, n.1, 7-8. The Court notes no notice of deposition or subpoena has been issued seeking his deposition. While, for the reasons discussed in this Order, the Court is skeptical Wortman has relevant testimony, it declines to reach the issue at this juncture. Similarly, the Court does not address Plaintiffs' apparent motion to strike two of the Government's affirmative defenses as the Court finds such issues not properly raised in an opposition brief to a motion for protective order.(Doc. 65, at 6).

8